## SMITH v AKRON SAVINGS & LOAN CO

Ohio Appeals, 9th Dist, Summit Co

No 2391. Decided Oct 20, 1933

Schnee, Grimm & Belden, Akron, for plaintiff.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant.

## OPINION

By WASHBURN, PJ.

The general rule is that a court of equity will not enjoin a corporation from doing that which amounts to a violation of its

contract but is not an illegal or ultra vires act, when an action at law for damages affords an adequate remedy to the aggrieved party; but assuming that this court has the power to grant the plaintiff the injunction which she seeks against a going concern which may be sued at law to recover damages for its wrongdoing, and assuming also that the school savings depistors are bound by the same rules and regulations of said loan company in the same manner as plaintiff, we are of the opinion that the plaintiff is not entitled to the relief sought.

The rules and regulations of the loan company in reference to the payment of deposits, provide that depositors may, as a general rule, withdraw all or any part of their deposits without previous notice, but that, for the purpose of protecting the interests of all the depositors and borrowers and to avoid the sacrifice of securities, the company may require withdrawal notice, and in that event the rule provides that—

"The required notices to withdraw shall be filed in the order in which they are received, and paid from the regular receipts of the company in the order in which they are filed. * * * *.

"No withdrawals by any one applicant on account of principal and/or interest shall exceed $1,000 in any one calendar month while other applications for withdrawal are on file. THE BOARD OF DIRECTORS MAY, HOWEVER, REGARDLESS OF THE ORDER OF APPLICATIONS FOR WITHDRAWAL, AUTHORIZE THE PAYMENT OF WITHDRAWALS NOT EXCEEDING $100 IN ANY ONE CALENDAR MONTH, TO ANY ONE APPLICANT."

As we construe this rule, the plaintiff agreed that the board of directors should have authority, "regardless of the order of applications for withdrawal," to pay not exceeding $100 in any one calendar month to any one applicant. The agreed statement of facts shows that the board of directors has determined to disregard the order of applications for withdrawal, insofar as school savings deposits are concerned, and has authorized the payment of such accounts where the owners thereof have given notices of withdrawal, without at the same time authorizing the payment of the amount which plaintiff seeks to withdraw from her account. As we understand it, there are on file only 84 notices of withdrawal by depositors of school savings, and these accounts average less than $100 each; and we understand further that probably

9/10 of the school savings accounts are in amounts of less than $5 each.

The statutes of Ohio vest broad powers in building and loan companies in the adoption of rules and regulations for the conduct and management of their affairs, including the making of rules and regulations for the withdrawal of deposits, and pursuant to such authority, the defendant building and loan company adopted the rule hereinbefore referred to; and the plaintiff, when she deposited said money, agreed to be bound by such rule, and thereby agreed that school savings depositors of less than $100 could be paid in preference to hers, if the directors of said institution, in their discretion, so determined, and therefore she is not entitled to enjoin the directors from doing that which she agreed they might do.

The statement of facts discloses that the board of directors contemplates borrowing money so as to be able to carry out its intention of paying such school savings depositors as give notices of withdrawal, but the loan which is contemplated is authorized by the statutes of Ohio, and the plaintiff is not entitled to an injunction preventing the defendant from borrowing said money, and if that is borrowed, the regular receipts of the company will be available for the payment of school savings depositors who give notices of withdrawal in accordance with the rules of the company.

It is agreed that the defendant loan company is not insolvent, and it is not before the court for liquidation; and the directors are not proposing to do anything which this plaintiff has a right to enjoin them from doing, and her petition is therefore dismissed.

FUNK and STEVENS, JJ, concur in judgment.